**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-01302-DDN |
| | ) |
| RICHMOND HEIGHTS POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Eric Wilson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri.[1] He brings this civil action pursuant to 42 U.S.C. § 1983, naming the Richmond Heights Police Department and Detective Unknown Zimmermann as defendants. (Docket No. 1 at 2-3). Detective Zimmermann is sued in both his official and individual capacities. (Docket No. 1 at 3).

---

[1] The Court notes that plaintiff's complaint was received in an envelope bearing the return address of Joseph Engel. (Docket No. 1-1 at 1). Mr. Engel is a frequent filer who has submitted over 160 cases to the United States District Court for the Eastern District of Missouri, most of which have been dismissed pursuant to either 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915(g). As in many of Mr. Engel's cases, the instant case seeks extraordinarily high damages, as well as "stocks in different [companies]."

3

In the "Statement of Claim," plaintiff asserts that on September 1, 2019, he was arrested by the Richmond Heights Police Department. The arrest resulted in the filing of a criminal case, *State of Missouri v. Wilson*, No. 18SL-CR06838-01 (21st Jud. Cir., St. Louis County).[2] In that case, plaintiff was charged with first-degree burglary.

Plaintiff alleges that his "civil rights" were "violated" because the Richmond Heights Police Department "did not read [him his] *Miranda* rights before [the] time of [his] arrest." As such, he contends that he is "wrongfully [imprisoned]." Plaintiff further notes that "this is horrific and [traumatic] and inhuman."

Based on this purported constitutional violation, plaintiff asserts violations of his civil rights, prisoner rights, mental health, physical health, and freedom. (Docket No. 1 at 4). He is seeking $300 million and "500 stocks in different [companies]." (Docket No. 1 at 1, 3, 5).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 action, alleging that defendants violated his constitutional rights by not giving him his *Miranda* warnings when he was arrested. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice.

### A. Richmond Heights Police Department

Plaintiff has named the Richmond Heights Police Department as a defendant in this action. However, a police department is a department or subdivision of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992)

---

[2] The Court has reviewed plaintiff's criminal case on Case.net, Missouri's online case management system, and takes judicial notice of this public record. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

(affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Since the Richmond Heights Police Department is not a suable entity, the claim against it must be dismissed.

### B. City of Richmond Heights

Even if the City of Richmond Heights was substituted as the proper party defendant, plaintiff has still failed to state a municipal liability claim. A local governing body such as the City of Richmond Heights can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Richmond Heights.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388

6

(1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has not presented any facts supporting the proposition that the City of Richmond Heights harmed him due to an unconstitutional policy, custom, or failure to train.

First, plaintiff has not directly alleged an unconstitutional policy, or presented facts supporting the inference of such a policy. That is, his facts do not reference any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as being at issue in this case. Furthermore, plaintiff has not alleged that any Richmond Heights official made "a deliberate choice of a guiding principle or procedure" that resulted in a constitutional harm to him. The Court also notes that plaintiff's facts, such as they are, concern a single incident wherein plaintiff was arrested. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

7

Second, with regard to custom, plaintiff has not demonstrated the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City of Richmond Heights employees, much less that Richmond Heights policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Rather than a "persistent pattern," plaintiff has mentioned only one occurrence that resulted in his arrest. As previously noted, a single occurrence cannot support the inference of a custom.

Third, as to a failure to train, plaintiff has not established that the City of Richmond Heights was deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, plaintiff must prove that the City of Richmond heights "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, this notice is demonstrated by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." Plaintiff, however, has not alleged facts regarding any sort of pattern. Rather than a pattern, his sparse "Statement of Claim" focuses on a single incident.

Finally, to the extent that plaintiff seeks to hold the City of Richmond Heights liable because it employed Detective Zimmermann, such a claim must fail. That is because a municipality cannot be held liable under 42 U.S.C. § 1983 based on respondeat superior. *See A.H.*, 891 F.3d at 728 ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory").

For all these reasons, plaintiff has failed to demonstrate that the City of Richmond Heights violated his constitutional rights due to a policy, custom, or failure to train. Therefore, even if the City of Richmond Heights is treated as the proper defendant – rather than the Richmond Heights Police Department – the claim against it must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff

8

"alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Official Capacity Claim Against Detective Zimmermann

Plaintiff has sued Detective Zimmermann in his official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Detective Zimmermann is alleged to be an employee of the Richmond Heights Police Department. As such, the official capacity claim against him is treated as a claim against the City of Richmond Heights itself, his employer. To prevail on this claim, plaintiff must establish the City of Richmond Heights's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. However, as discussed at length above, plaintiff has failed to demonstrate the liability of the City of Richmond heights by alleging an unconstitutional policy, custom, or failure to train. *See Marsh*, 902 F.3d at 751 (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Therefore, the official capacity claim against Detective Zimmermann must be dismissed.

### D. Individual Capacity Claim Against Detective Zimmermann

Plaintiff has also sued Detective Zimmermann in an individual capacity. Individual liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff does not even bother to place Detective Zimmermann in the "Statement of Claim." Instead, he broadly accuses the "Richmond Heights Police Department" of violating his civil rights on September 1, 2019, without ever identifying Detective Zimmermann by name. In point of fact, Detective Zimmermann is only mentioned twice, once in the case caption, and a second time in the section of the form complaint for naming the parties. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations).

Even if the Court was to assume that Detective Zimmermann is the officer who "did not read [plaintiff his] *Miranda* rights before [the] time of [his] arrest," plaintiff has still failed to demonstrate a causal link between Zimmermann's actions and a violation of plaintiff's constitutional rights. "The requirements of *Miranda* are triggered only when a defendant is both in custody and being interrogated." *United States v. Head*, 407 F.3d 925, 928 (8th Cir. 2005). However, plaintiff has not alleged any facts to demonstrate that he was interrogated by Detective Zimmermann, let alone that he was in custody during this interrogation. Merely stating that the *Miranda* warnings were not given to him is not sufficient to state a constitutional violation, as plaintiff has not shown that the warnings were required. Without any supporting facts whatsoever, plaintiff's allegations amount to a conclusion, which the Court is not required to accept as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

For these reasons, plaintiff has not stated a claim against Detective Zimmermann in his individual capacity. Therefore, the individual capacity claim against him must be dismissed.

**E.  Failure to Give *Miranda* Warning Not a Constitutional Violation**

Beyond plaintiff's failure to allege sufficient facts demonstrating that the defendants in this case violated his constitutional rights, the Court observes that his complaint is based on a faulty premise. Specifically, plaintiff wrongly believes that the failure to provide him the *Miranda* warnings constitutes a violation of his rights for which he can seek redress under 42 U.S.C. § 1983.

Pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), "certain warnings must be given before a suspect's statement made during custodial interrogation [can] be admitted into evidence." *Dickerson v. United States*, 530 U.S. 428, 431-32 (2000). The *Miranda* rule is a prophylactic

11

measure that is employed to protect against the violation of the Self-Incrimination Clause. *See United States v. Patane*, 542 U.S. 630, 636 (2004) (plurality opinion). The rule's purpose is to prevent "the admission into evidence in a criminal case of confessions obtained through coercive custodial questioning." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

"Rules designed to safeguard a constitutional right, however, do not extend the scope of the constitutional right itself, just as violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." *Id*. As such, law enforcement's failure to read the *Miranda* warnings to a suspect does not violate the suspect's constitutional rights and cannot be grounds for a 42 U.S.C. § 1983 action. *Id. See also Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (agreeing "with the district court that a litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards"); *Brock v. Logan County Sheriff's Dept. of Arkansas*, 3 F.3d 1215, 1217 (8th Cir. 1993) ("The remedy for the alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action"); and *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989) (explaining that "[t]he reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth amendment itself," and that "the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action"). In short, a suspect's remedy for the violation of the *Miranda* rule is suppression of the evidence, not a damages action under § 1983. *See Hannon*, 441 F.3d at 637.

As explained above, plaintiff cannot bring an action for damages under 42 U.S.C. § 1983 based on law enforcement's purported failure to read him his *Miranda* warnings. Rather, his remedy for a *Miranda* violation is the exclusion of the evidence obtained as a result of the violation. Because plaintiff has not established the violation of a constitutional right, his § 1983 claim fails.

*See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right"). Therefore, for this reason as well, this action must be dismissed.

### F. *Heck* Bar

Even if the Court were to ignore the deficiencies listed above, plaintiff's claim would still be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under 42 U.S.C. § 1983. *Id*. at 478. The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus… A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 487-88. Thus, when a state prisoner seeks damages pursuant to 42 U.S.C. § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*. *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable

13

under § 1983"); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

Here, judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." That is, plaintiff appears to argue that he was "wrongfully [imprisoned]" based on law enforcement's failure to "read [him his] *Miranda* rights." However, plaintiff has not shown that his conviction or sentence has been invalidated. To the contrary, review of plaintiff's criminal case shows that he pleaded guilty and was sentenced to six years' imprisonment on October 24, 2019. There is no indication that plaintiff filed an appeal, or that his case was overturned by the filing of a postconviction motion. According to the online records of the Missouri Department of Corrections, plaintiff is still incarcerated and serving his six-year sentence. Therefore, plaintiff's claims are subject to dismissal under *Heck*.

### G. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of January, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE